UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| IVAN BEAULIEU, JR., ) | |
| ) | |
| *Plaintiff* ) | |
| ) | |
| v. ) | No. 1:14-cv-335-DBH |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| *Defendant* ) | |

### REPORT AND RECOMMENDED DECISION[1]

This appeal involves child's disability benefits[2] and Supplemental Security Income ("SSI") benefits. The plaintiff contends that the administrative law judge failed to account for the limiting effects of his mental impairments and wrongly relied on Appendix 2 to 20 C.F.R. Part 404, Subpart P (the "Grid") as a framework for decision-making. I recommend that the commissioner's decision be affirmed.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir.

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on June 12, 2015, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citation to relevant statutes, regulations, case authority, and page references to the administrative record.

[2] To be entitled to child's disability benefits on the earnings record of a wage earner, a claimant must demonstrate that he or she is the insured person's child, is dependent on the insured, is unmarried, and, if over age 18 and not eligible for benefits as a full-time student, has a disability that began before age 22. *See* 20 C.F.R. § 404.350; *see also, e.g., Starcevic v. Commissioner of Soc. Sec.,* No. 08-13128, 2009 WL 2222631, at *6 (E.D. Mich. July 22, 2009) (claimant applying for child's disability benefits must demonstrate that she was disabled before she turned 22 "and was continuously disabled from the date of her twenty-second birthday through the date that she applied for benefits").

1982), the administrative law judge found, in relevant part that the plaintiff suffered from attention deficit hyperactivity disorder and learning disabilities,[3] impairments that were severe, but which, considered separately or in combination, did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, Record at 15-16; that he had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with the limitations that he could understand, remember, and carry out simple, repetitive instructions, he must avoid work involving contact with the general public but could interact appropriately with coworkers and supervisors, and he could adapt to routine changes in the work setting, Finding 5, *id*. at 17; that he had no past relevant work, Finding 6, *id*. at 19; that, considering that he had at least a high school education, his age (8 on the alleged date of onset, November 19, 2001), and RFC, there were jobs existing in significant numbers in the national economy that the plaintiff could perform, Findings 7-9, *id*.; and that, therefore, he had not been under a disability, as that term is defined in the Social Security Act, from the alleged date of onset through the date of the decision, August 27, 2013, Finding 10, *id*. at 20.  The Appeals Council declined to review the decision, *id*. at 5-7, making it the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

      The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support

---

[3] The plaintiff filed this application for benefits before he attained the age of 22.  Record at 13 (filed June 23, 2011), 15 (date of birth August 19, 1993).

the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

### A. Mental Impairments

The plaintiff begins by asserting that the administrative law judge "simply ignored" his Tourette's disorder. Plaintiff's Itemized Statement of Errors ("Itemized Statement") (ECF No. 14) at 4. He adds that the administrative law judge rejected the opinion of his treating physician, Dr. Linda Keniston-Dubocq,[4] "without good reason for doing so"; wrongly gave some weight to the opinions of the state-agency reviewing physicians; and ignored medical evidence that contradicted her findings. *Id*. at 4-5.

The defendant concedes that the administrative law judge did not discuss the plaintiff's alleged impairment of Tourette's syndrome, Defendant's Opposition to Plaintiff's Itemized Statement of Errors ("Opposition") (ECF No. 16) at 4, but contends that this was not error, because there is no indication in the record that the plaintiff was ever diagnosed with that ailment, let alone that it caused any specific functional limitation.

---

[4] This physician sometimes signs medical records as "Dr. Keniston" and sometimes as "Dr. Keniston-Dubocq." I have used the latter form throughout, as it appears to be preferred by the plaintiff.

The plaintiff asserts that Dr. Keniston-Dubocq assessed him with "significant Tourette's-related limitations," citing only pages 713-14 in support. Itemized Statement at 7, 5. Those pages are a two-page document entitled "Medical Source Statement of Ability to Do Work-Related Activities (Mental)." Record at 713-14. On the second page, in response to the heading "Please provide a diagnosis and a brief indication of what medical or clinical findings support this assessment[,]" Dr. Keniston-Dubocq wrote: "This patient has ADHD and Tourette's syndrome." *Id*. at 714. This contradicts the defendant's argument, and the subsequent four sentences could reasonably be construed to serve as "a brief indication of ... clinical findings that support" the assessment.

However, it is not clear whether the check marks placed on the form by Dr. Keniston-Dubocq are limitations caused by ADHD or Tourette's syndrome, or by a combination of those two impairments. Because the plaintiff has cited no medical evidence of work-related limitations due specifically to his Tourette's syndrome, he cannot establish that the administrative law judge's failure to discuss his Tourette's syndrome is anything other than harmless error. *See, e.g., Dowell v. Colvin*, No. 2:13-cv-246-JDL, 2014 WL 3784237, at *3 (D. Me. July 31, 2014) (mere diagnosis of an impairment does not establish its severity or the limitations that result for a particular individual).[5]

The plaintiff's next argument is that the administrative law judge rejected the limitations noted on this form by Dr. Keniston-Dubocq "without good reason for doing so." Itemized Statement at 4. He relies specifically on Dr. Keniston-Dubocq's opinion that he had marked

---

[5] The plaintiff's attorney asserted at oral argument that the plaintiff's own testimony at pages 739-41 of the record "strongly supports" a diagnosis of Tourette's syndrome, but the existence of a medically determinable impairment may only be established by medical evidence. An administrative law judge cannot derive a "diagnosis" on his or her own, nor may he or she find an impairment to exist based solely on the testimony of a claimant.

limitations in persistence and pace, "as well as [in] his abilities to work effectively with supervisors and co-workers." *Id*. at 5.  Of this form, the administrative law judge said the following:

> Little weight is given to Dr. Keniston-Dubocq's opinion that the claimant is markedly limited in numerous areas of work-related functioning, as that assessment is not supported by the longitudinal evidence since September 2011, including her own notes (Exhibit 34F).  Furthermore, she is not a specialist in mental health and had only seen the claimant three times prior to completing that assessment.  Her reference to a display of angry behavior by the claimant reflects an isolated incident, rather than part of a pattern of inappropriate behavior manifested over the past two years.

Record at 18-19.  The plaintiff does not explain why or how this statement of reasons is not "good reason" for rejecting the treating physician's opinion concerning these two areas of limitation.

As the defendant points out, Opposition at 7-9, the record supports the reasons stated by the administrative law judge.  Dr. Keniston-Dubocq's notes reflect that the plaintiff was "[a]lert and cooperative.  Normal mood and affect.  Asks and answers questions appropriately[,]" Record at 693, 707, on two of the three visits.  Dr. Keniston-Dubocq "encouraged [the plaintiff] to explore . . . careers" other than those requiring college-level study.  *Id*. at 700.  These notes are inconsistent with the doctor's opinion that the plaintiff was markedly limited in almost all of the work-related functions listed on the form.  Further, the reasons listed by the administrative law judge for rejecting the limitations listed by Dr. Keniston-Dubocq are among the considerations required by regulation when evaluating medical evidence.  20 C.F.R. §§ 404.1527(c), 416.927(c).

The plaintiff also challenges, Itemized Statement at 8, the administrative law judge's "rejection" of the opinions of Dr. Gary Rasmussen, an examining consultant psychologist, that the plaintiff was "not . . . a reliable employee in terms of work productivity and attendance" and was "not . . . likely to maintain pace and persistence on the job."  Record at 511.  The administrative law judge said the following about Dr. Rasmussen's report:

5

> Records from his pediatric endocrinologist, primary care provider and Gary Rasmussen, Ph.D., who evaluated the claimant in August 2011, indicate that the claimant is generally polite and cooperative and has a normal mood and affect (Exhibits 18F, 28F, 32F, 33F).
> \* \* \*
> Based on his evaluation of the claimant, Dr. Rasmussen concluded that the claimant was likely able to work well with others and was best suited for non-complex work (Exhibit 18F). Although Dr. Rasmussen opined that the claimant would not be a reliable employee or be able to maintain adequate persistence or pace, that assessment is contradicted by the claimant's academic performance and the school records that refer to him as hardworking and able to complete assignments on time.
> \* \* \*
> Some weight is given to the opinions of Dr. Rasmussen and the State agency psychological consultants, to the extent that they are in accord with the residual functional capacity assessment (Exhibits 18F-20F, 24F, 25F). As stated above, Dr. Rasmussen's opinion that the claimant would be unable to demonstrate reliability and maintain persistence or pace is not supported by the evidence.

*Id.* at 16, 18.

As the defendant points out, Opposition at 10, the administrative law judge's stated reason for rejecting that portion of Dr. Rasmussen's report that is at issue here is supported by the plaintiff's school records. Record at 241, 296-98. The administrative law judge's reasons were adequately stated in this regard.[6]

Finally, the plaintiff asserts that the administrative law judge's RFC "cannot be salvaged by reliance on the RFC opinions of the state agency non-examining psychologists" because she "only [gave them] 'some' weight" and they did not consider or discuss the plaintiff's Tourette's syndrome. Itemized Statement at 9. As I have already indicated, the plaintiff's failure to

---

[6] The plaintiff's attorney devoted much of his oral argument to a contention that the plaintiff only did well in high school because he had special education support and that, once in college without such support, he "crashed and burned," as evidence that the plaintiff would not be able to respond to usual work situations. As counsel for the defendant pointed out, this argument was not raised in the plaintiff's itemized statement and must, therefore, be considered waived. *See, e.g., Poulin v. Colvin*, Civil No. 2:14-CV-102-DBH, 2015 WL 1809194, at \*4 (D. Me. Apr. 21, 2015).

demonstrate that any specific limitation was medically based on his Tourette's syndrome rather than his ADHD makes any failure to discuss Tourette's syndrome harmless error.

The plaintiff suggests that the state-agency reviewers did not have the benefit of some unidentified medical records in arriving at their opinions, *id.*, but the failure to identify any such records dooms this argument as a basis for remand. In addition, the plaintiff has failed to demonstrate that any "later" evidence not seen by the state-agency reviewers "leads to an outcome different from that reached by the administrative law judge." *Wood v. Astrue,* No. 1:10-cv-243-JAW, 2011 WL 1298460, at *2 (D Me. Mar. 31, 2011).

As to the first objection, the administrative law judge's statement was that she gave weight to the state-agency reviewing psychologists' opinions "to the extent that they are in accord with the [RFC] assessment." Record at 18. Where the opinions are not "in accord" with the administrative law judge's RFC assessment, they are less favorable to the plaintiff than is the RFC. *See id*. at 516, 582. As this court has frequently held, a Social Security plaintiff is not entitled to remand on the basis of an RFC that is more favorable to him than the evidence would otherwise support. *E.g., Bowden v. Colvin*, No. 1:13-CV-201-GZS, 2014 WL 1664961 at *4 (D. Me. Apr. 25, 2014).

The plaintiff is not entitled to remand on the basis of any of the errors alleged in connection with the mental RFC assigned to him by the administrative law judge.[7]

### B.  Step 5

The plaintiff contends that "the sole basis for [the administrative law judge's] unsupported conclusion [at Step 5] was her own lay opinion that Plaintiff's non-exertional limitations would

---

[7] At oral argument, the plaintiff's attorney offered, in support of an argument that the plaintiff may have had more than one episode of inappropriate outbursts of temper, that he testified that his medications wear off by noon. *See* Record at 737. However, this argument was not raised in the itemized statement and is thus waived.

not significantly erode the unskilled occupational base at all exertional levels." Itemized Statement at 10. He asserts that "there is simply no probative evidence that [he] can perform other work." *Id*. Specifically, the plaintiff bases this argument on assertions that "the conclusion is based on the ALJ's irreparably tainted RFC finding[.]" *id*., an argument that I have rejected, and that "application of the Grid, in the circumstances of this case, is unwarranted." *Id.*

With respect to the latter asserted basis for this argument, the plaintiff relies on the opinions of Dr. Keniston-Dubocq and Dr. Rasmussen and "the absence of any vocational expert testimony to the contrary" to conclude that his "medically assessed limitations reflect *significant erosion* of the occupation base because they 'so narrow[] a claimant's possible range of work as to deprive him of a meaningful employment opportunity[,]'" citing *Bapp v. Bowen*, 802 F.2d 601, 606 (2d Cir. 1986). *Id*. at 11 (emphasis in original).

However, the plaintiff's reliance on the absence of testimony from a vocational expert in this case is similarly undermined by his failure to establish error in the administrative law judge's RFC assessment. In addition, the administrative law judge correctly cited, Record at 19, the First Circuit's opinion in *Garcia-Martinez v. Barnhart*, 111 Fed. App'x 22, 2004 WL 2240136 (1st Cir. 2004), for the proposition that a mental impairment does not necessarily so limit the employment base that testimony of a vocational expert is required. *Id*. at 23, **1. Non-exertional limitations similar to those included in the plaintiff's RFC are compatible with the use of the Grid as a framework for decision-making. *Swormstedt v. Colvin*. No. 2:13-cv-00079-JAW, 2014 WL 1513347, at *6 (D. Me. Apr. 16, 2014).

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 25th day of June, 2015.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge